30 Day Summons (7/2018)

## UNITED STATES OF AMERICA
### STATE OF ILLINOIS COUNTY OF LASALLE
### IN THE CIRCUIT COURT OF THE 13TH JUDICIAL CIRCUIT

ROSE ENGELMAN,

Plaintiff,

vs.

2021L 000074

TERRY HOGAN,

Defendant.

Case No. 21 L

## SUMMONS

**TO THE DEFENDANT:** Terry Hogan, 12 Kimberly Drive, Spring Valley, IL 61362

**YOU ARE HEREBY SUMMONED** and required to file an answer in this case, or otherwise file your appearance, in the office of the Clerk of this court, Room 201, 119 W. Madison Street, Ottawa, Illinois, within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT OR DECREE BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp or talk with your local Circuit Clerk's office.

**TO THE OFFICER:**

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

Witness, _____ 7/15/2021,

_Greg Vaccaro_ SLW

Clerk of Court
(Seal of Court)

Name    **Schweickert Ganassin Krzak Rundio LLP**
Attorney for **Plaintiff**
Address **2101 Marquette Road**
City    **Peru, IL 61354**
Telephone **815-223-0177**

Date of Service 7/15/2021
(To be inserted by officer on copy left with defendant or other person)

## LASALLE COUNTY CIRCUIT CLERK
## OTTAWA, ILLINOIS 61350

EXHIBIT

1.

SHERIFF'S FEES

Service and return........................................ $_____

Miles_____ ............................................. _____

Total.......................................................... $_____

_____

Sheriff of _____ County

I certify that I served this summons on defendants as follows:

(Check appropriate box, and complete information below)

☐ (a)--Individual defendants--personal):
By leaving a copy and a copy of the complaint with each individual defendant personally.

☐ (b)--(Individual defendants--abode):
By leaving a copy and a copy of the complaint at the usual place of abode of each individual defendant with a person of the family or a person residing there, of the age 13 years or upwards, informing that person of the contents and also by sending a copy of the summons in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his/her usual place of abode.

☐ (c)--(Corporation defendants):
By leaving a copy and a copy of the complaint with the registered agent, officer or agent of each defendant corporation.

☐ (d)--(Other service):

Name of Defendant_____          Name of Defendant _____

Name of Person                                   Name of Person
Summons Given to_____           Summons Given to _____

Sex_____ Race_____ Approx. Age_____     Sex_____ Race_____ Approx. Age_____

Place of Service_____         Place of Service_____

_____              _____

_____              _____

Date of Service_____ Time_____     Date of Service_____ Time_____

Date of Mailing_____                  Date of Mailing_____



FILED
13TH JUDICIAL CIRCUIT
7/15/2021 11:03 AM
SLW

CLERK OF THE CIRCUIT COURT
LASALLE COUNTY, ILLINOIS

## IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
## LASALLE COUNTY, ILLINOIS

ROSE ENGELMAN,                    )
                                  )
              Plaintiff           )
                                  )        No.: **2021L 000074**
v.                                )
                                  )
TERRY HOGAN,                      )        **PLAINTIFF DEMANDS**
                                  )        **TRIAL BY JURY**
                                  )
              Defendant           )

### COMPLAINT AT LAW

### Count I
### Negligence – Terry Hogan

Plaintiff, ROSE ENGELMAN, by and through her attorneys, SCHWEICKERT,

GANASSIN, KRZAK, RUNDIO, LLP, complaining of Defendant, TERRY HOGAN, alleges

as follows:

　　　　1.　　　　On and before July 31, 2019, and at all times relevant hereto, MENARD, INC.

owned, operated, managed, maintained and/or controlled a store commonly known as

Menards located at 5353 Mahoney Dr., Peru, Illinois, LaSalle County, IL. (Hereinafter

"Menards Store").

　　　　2.　　　　On and before July 31, 2019, Defendant, TERRY HOGAN, was the manager

of the aforementioned Menards Store and as such, operated, maintained, inspected, and/or

controlled the premises in and around the aforementioned premises of the Menards store,

including but not limited to the entrance area and the metal grates in the entrance area of said

Menards store.

3.    At all times relevant hereto, Defendant, TERRY HOGAN, was a resident and citizen of the State of Illinois.

4.    At all times relevant hereto, said Menards store was a retail store that invited patrons to the premises for the purpose of purchasing merchandise located therein.

5.    On and before July 31, 2019, there existed certain metal grates on the entryway floor in the Menards store that patrons had to step on and walk across to enter the Menards store.

6.    On and before July 31, 2019, the aforementioned metal grates that were on the entryway floor were in a dangerous condition because the metal grates were uneven and presented a tripping hazard.

7.    On July 31, 2019, Plaintiff, ROSE ENGELMAN, was a business invitee of the aforementioned Menards Store.

8.    At all times relevant hereto, Plaintiff, ROSE ENGELMAN, was a citizen and resident of the State of Illinois.

9.    On or before July 31, 2019, Defendant, TERRY HOGAN, either himself as the manager in charge of the aforementioned Menards store or by and through employees he was directly responsible for, permitted the metal grates that were on the entryway floor to be uneven, where customers were known to walk in order to gain entry to the Menards store.

10.    On July 31, 2019, Plaintiff, ROSE ENGELMAN, was caused to trip and fall after she encountered the uneven metal grates on the entryway floor in the Menards store.

11.    On and before July 31, 2019, Defendant, TERRY HOGAN, knew, or in the exercise of reasonable care should have known that uneven metal grates in an area where customers were known to walk while entering the Menards store presented a tripping hazard.

2

12.    On and before July 31, 2019, Defendant, TERRY HOGAN, knew or in the exercise of reasonable care should have known that the uneven metal grates in an area where customers were known to walk while entering the Menards store created an unsafe condition.

13.    On and before July 31, 2019, Defendant, TERRY HOGAN, knew or in the exercise of reasonable care should have known that the area in which the uneven metal grates existed was an area that business invitees, including the Plaintiff, ROSE ENGELMAN, would encounter and walk across while shopping at the Menards store.

14.    On and before July 31, 2019, Defendant, TERRY HOGAN, could reasonably expect that business invitees at the aforesaid premises would not discover or realize the uneven metal grates existed on the entryway floor of the Menards store.

15.    On and before July 31, 2019, it was the duty of Defendant, TERRY HOGAN, as the individual in charge of the Menards store and all employees and/or agents of said Menards store, to maintain the aforesaid premises in a reasonably safe manner so as to avoid injuries to persons lawfully on the premises, including Plaintiff, ROSE ENGELMAN.

16.    On and before July 31, 2019, Defendant, TERRY HOGAN, committed one or more of the following negligent acts or omissions:

    a. Carelessly and negligently failed to inspect the Menards store premises so as to detect defects that could cause the Plaintiff to trip and fall, including the uneven metal grates at the Menards store entry;

    b. Failed to maintain the premises so as to prevent defects which could cause the Plaintiff to trip and fall at the Menards store entry;

    c. Failed to detect the uneven metal grates at the Menards store entry;

    d. Failed to place cones, caution tape or other warnings in the area of the uneven metal grates at the Menards store entry;

    e.   Failed to warn Plaintiff of the presence of the uneven metal grates at the Menards store entry; and/or

    f.   Permitted the uneven metal grates to exist in an area where it was known customers would walk while entering the Menards store during business hours when patrons were present.

17.    On July 31, 2019, as a direct and proximate result of one or more of the above negligent acts and/or omissions of Defendant, TERRY HOGAN, the uneven metal grates in the entry area of the Menards store presented an unreasonable risk of harm to persons lawfully on the premises, including Plaintiff, ROSE ENGELMAN.

18.    As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendant, TERRY HOGAN, Plaintiff, ROSE ENGELMAN, was caused to trip and fall and sustain injuries of a personal, permanent and pecuniary nature.

WHEREFORE, Plaintiff, ROSE ENGELMAN, prays that judgment be entered in her favor and against Defendant, TERRY HOGAN, for an amount in excess of the minimum jurisdictional limits of this court and for the cost of this suit.

*Adriane LaShure*

Schweickert, Ganassin, Krzak, Rundio, LLP
By: Adriane LaShure
One of the Attorneys for Plaintiff

Adriane LaShure (ARDC NUBER 6206397)
Schweickert, Ganassin, Krzak, Rundio, LLP
2101 Marquette Rd.
Peru, IL 61345
Telephone: 815.223.0177
Facsimile: 815.223.8449
ail@ganassin.com

4



FILED
13TH JUDICIAL CIRCUIT
7/15/2021 11:03 AM
SLW

CLERK OF THE CIRCUIT COURT
LASALLE COUNTY, ILLINOIS

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
LASALLE COUNTY, ILLINOIS

| | | |
|---|---|---|
| ROSE ENGELMAN, | ) | |
| | ) | |
| Plaintiff | ) | No.: **2021L 000074** |
| | ) | |
| v. | ) | |
| | ) | |
| TERRY HOGAN, | ) | **PLAINTIFF DEMANDS** |
| | ) | **TRIAL BY JURY** |
| | ) | |
| Defendant | ) | |

## AFFIDAVIT REGARDING DAMAGES SOUGHT

ADRIANE LASHURE, being first duly sworn under oath, states as follows:

1.    That the affiant is one of the attorneys of record for the party in this matter.

2.    That the total money damages sought in this civil action exceeds the amount of $50,000.00.

FURTHER AFFIANT SAYETH NOT.

By: _Adriane LaShure_
          ADRIANE LASHURE

SUBSCRIBED AND SWORN to before me
this 15 day of July , 2021.

_Rebecca S Boyle_
Notary Public

OFFICIAL SEAL
REBECCA S BOYLE
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:07/22/23

Adriane LaShure (ARDC NUBER 6206397)
Schweickert, Ganassin, Krzak, Rundio, LLP
2101 Marquette Rd.
Peru, IL 61345
Telephone: 815.223.0177
Facsimile: 815.223.8449
ail@ganassin.com



FILED
13TH JUDICIAL CIRCUIT
7/15/2021 11:03 AM
SLW

CLERK OF THE CIRCUIT COURT
LASALLE COUNTY, ILLINOIS

## IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
## LASALLE COUNTY, ILLINOIS

ROSE ENGELMAN,                 )
)
           Plaintiff        )
)          No.:  **2021L 000074**
v.                     )
)
TERRY HOGAN,              )     **PLAINTIFF DEMANDS**
)          **TRIAL BY JURY**
)
          Defendant   )

### JURY DEMAND

Plaintiff, ROSE ENGELMAN, by and through her attorneys, SCHWEICKERT ♦

GANASSIN ♦ KRZAK ♦ RUNDIO, LLP, hereby demands a trial by jury of twelve (12) jurors.


*Adriane LaShure*
Schweickert, Ganassin, Krzak, Rundio, LLP
By: Adriane LaShure
One of the Attorneys for Plaintiff


Adriane LaShure (ARDC NUBER 6206397)
Schweickert, Ganassin, Krzak, Rundio, LLP
2101 Marquette Rd.
Peru, IL 61345
Telephone: 815.223.0177
Facsimile: 815.223.8449
ail@ganassin.com

1



FILED
13TH JUDICIAL CIRCUIT
7/21/2021 12:06 PM
KB
CLERK OF THE CIRCUIT COURT
LASALLE COUNTY, ILLINOIS

## IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
## LASALLE COUNTY, ILLINOIS

| | | |
|---|---|---|
| ROSE ENGELMAN, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | No.: 21-L-74 |
| v. | ) | |
| | ) | |
| TERRY HOGAN and | ) | |
| MENARD, INC., | ) | |
| | ) | |
| Defendants. | ) | |

### FIRST AMENDED COMPLAINT AT LAW

### Count I
### Negligence – Terry Hogan

Plaintiff, ROSE ENGELMAN, by and through her attorneys, SCHWEICKERT, GANASSIN, KRZAK, RUNDIO, LLP, complaining of Defendant, TERRY HOGAN, alleges as follows:

1.      On and before July 31, 2019, and at all times relevant hereto, MENARD, INC. owned, operated, managed, maintained and/or controlled a store commonly known as Menards located at 5353 Mahoney Dr., Peru, Illinois, LaSalle County, IL.  (Hereinafter "Menards Store").

2.      On and before July 31, 2019, Defendant, TERRY HOGAN, was the manager of the aforementioned Menards Store and as such, operated, maintained, inspected, and/or controlled the premises in and around the aforementioned premises of the Menards store, including but not limited to the entrance area and the metal grates in the entrance area of said Menards store.

3.     At all times relevant hereto, Defendant, TERRY HOGAN, was a resident and citizen of the State of Illinois.

4.     At all times relevant hereto, said Menards store was a retail store that invited patrons to the premises for the purpose of purchasing merchandise located therein.

5.     On and before July 31, 2019, there existed certain metal grates on the entryway floor in the Menards store that patrons had to step on and walk across to enter the Menards store.

6.     On and before July 31, 2019, the aforementioned metal grates that were on the entryway floor were in a dangerous condition because the metal grates were uneven and presented a tripping hazard.

7.     On July 31, 2019, Plaintiff, ROSE ENGELMAN, was a business invitee of the aforementioned Menards Store.

8.     At all times relevant hereto, Plaintiff, ROSE ENGELMAN, was a citizen and resident of the State of Illinois.

9.     On or before July 31, 2019, Defendant, TERRY HOGAN, either himself as the manager in charge of the aforementioned Menards store or by and through employees he was directly responsible for, permitted the metal grates that were on the entryway floor to be uneven, where customers were known to walk in order to gain entry to the Menards store.

10.     On July 31, 2019, Plaintiff, ROSE ENGELMAN, was caused to trip and fall after she encountered the uneven metal grates on the entryway floor in the Menards store.

11.     On and before July 31, 2019, Defendant, TERRY HOGAN, knew, or in the exercise of reasonable care should have known that uneven metal grates in an area where customers were known to walk while entering the Menards store presented a tripping hazard.

2

12.     On and before July 31, 2019, Defendant, TERRY HOGAN, knew or in the exercise of reasonable care should have known that the uneven metal grates in an area where customers were known to walk while entering the Menards store created an unsafe condition.

13.     On and before July 31, 2019, Defendant, TERRY HOGAN, knew or in the exercise of reasonable care should have known that the area in which the uneven metal grates existed was an area that business invitees, including the Plaintiff, ROSE ENGELMAN, would encounter and walk across while shopping at the Menards store.

14.     On and before July 31, 2019, Defendant, TERRY HOGAN, could reasonably expect that business invitees at the aforesaid premises would not discover or realize the uneven metal grates existed on the entryway floor of the Menards store.

15.     On and before July 31, 2019, it was the duty of Defendant, TERRY HOGAN, as the individual in charge of the Menards store and all employees and/or agents of said Menards store, to maintain the aforesaid premises in a reasonably safe manner so as to avoid injuries to persons lawfully on the premises, including Plaintiff, ROSE ENGELMAN.

16.     On and before July 31, 2019, Defendant, TERRY HOGAN, committed one or more of the following negligent acts or omissions:

      a.  Carelessly and negligently failed to inspect the Menards store premises so as to detect defects that could cause the Plaintiff to trip and fall, including the uneven metal grates at the Menards store entry;

      b.  Failed to maintain the premises so as to prevent defects which could cause the Plaintiff to trip and fall at the Menards store entry;

      c.  Failed to detect the uneven metal grates at the Menards store entry;

      d.  Failed to place cones, caution tape or other warnings in the area of the uneven metal grates at the Menards store entry;

e.  Failed to warn Plaintiff of the presence of the uneven metal grates at the Menards store entry; and/or

f.  Permitted the uneven metal grates to exist in an area where it was known customers would walk while entering the Menards store during business hours when patrons were present.

17.  On July 31, 2019, as a direct and proximate result of one or more of the above negligent acts and/or omissions of Defendant, TERRY HOGAN, the uneven metal grates in the entry area of the Menards store presented an unreasonable risk of harm to persons lawfully on the premises, including Plaintiff, ROSE ENGELMAN.

18.  As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendant, TERRY HOGAN, Plaintiff, ROSE ENGELMAN, was caused to trip and fall and sustain injuries of a personal, permanent and pecuniary nature.

WHEREFORE, Plaintiff, ROSE ENGELMAN, prays that judgment be entered in her favor and against Defendant, TERRY HOGAN, for an amount in excess of the minimum jurisdictional limits of this court and for the cost of this suit.

## Count II
## Negligence – MENARD, INC.

Plaintiff, ROSE ENGELMAN, by and through her attorneys, SCHWEICKERT, GANASSIN, KRZAK, RUNDIO, LLP, complaining of Defendant, MENARD, INC., alleges as follows:

1.  On and before July 31, 2019, and at all times relevant hereto, MENARD, INC. owned, operated, managed, maintained and/or controlled a store commonly known as Menards located at 5353 Mahoney Dr., Peru, Illinois, LaSalle County, IL. (Hereinafter "Menards Store").

2.     At all times relevant hereto, Defendant, MENARD, INC., was a foreign corporation, licensed to do business in the State of Illinois.

3.     At all times relevant hereto, Defendant, MENARD, INC., conducted business in the City of Peru, County of LaSalle, State of Illinois.

4.     On and before July 31, 2019, Defendant, MENARD, INC, by and through its manager, TERRY HOGAN, and other currently unknown other duly authorized employees, agents and/or apparent agents, owned, operated, maintained, inspected and/or controlled the aforementioned premises known as the Menards store.

5.     On and before July 31, 2019, Defendant, TERRY HOGAN, was an employee and/or agent of Defendant, MENARD, INC., specifically, he was the manager of the aforementioned Menards store.

6.     At all times relevant hereto, Defendant, TERRY HOGAN, was acting in the course of said employment, agency and/or apparent agency.

7.     At all times relevant hereto, Defendant, TERRY HOGAN, was a resident and citizen of the State of Illinois.

8.     At all times relevant hereto, Plaintiff, ROSE ENGELMAN, was a citizen and resident of the State of Illinois.

9.     At all times relevant hereto, said Menards store was a retail store that invited patrons to the premises for the purpose of purchasing merchandise located therein.

10.     On and before July 31, 2019, there existed certain metal grates on the entryway floor in the Menards store that patrons had to step on and walk across to enter the Menards store.

11.     On and before July 31, 2019, the aforementioned metal grates that were on the entryway floor were in a dangerous condition because the metal grates were uneven and presented a tripping hazard.

12.     On July 31, 2019, Plaintiff, ROSE ENGELMAN, was a business invitee of the aforementioned Menards Store.

13.     On or before July 31, 2019, Defendant MENARD, INC., by and through its employees and/or agents, including but not limited to TERRY HOGAN and currently unknown other employees and/or agents, permitted the metal grates that were on the entryway floor to be uneven, where customers were known to walk in order to gain entry to the Menards store.

14.     On July 31, 2019, Plaintiff, ROSE ENGELMAN, was caused to trip and fall after she encountered the uneven metal grates on the entryway floor in the Menards store.

15.     On and before July 31, 2019, Defendant, MENARD INC., by and through its employees and/or agents, including but not limited to TERRY HOGAN and currently unknown other employees and/or agents, knew, or in the exercise of reasonable care should have known that uneven metal grates in an area where customers were known to walk while entering the Menards store presented a tripping hazard.

16.     On and before July 31, 2019, Defendant, MENARD, INC., by and through its employees and/or agents, including but not limited to TERRY HOGAN and currently unknown other employees and/or agents, knew or in the exercise of reasonable care should have known that the uneven metal grates in an area where customers were known to walk while entering the Menards store created an unsafe condition.

17.     On and before July 31, 2019, Defendant, MENARD, INC., by and through its employees and/or agents, including but not limited to TERRY HOGAN and currently unknown other employees and/or agents, knew or in the exercise of reasonable care should have known that the area in which the uneven metal grates existed was an area that business invitees, including the Plaintiff, ROSE ENGELMAN, would encounter and walk across while shopping at the Menards store.

18.     On and before July 31, 2019, Defendant, MENARD, INC., by and through its employees and/or agents, including but not limited to TERRY HOGAN and currently unknown other employees and/or agents, could reasonably expect that business invitees at the aforesaid premises would not discover or realize the uneven metal grates that existed at entryway to the Menards store.

19.     On and before July 31, 2019, it was the duty of Defendant, MENARD, INC., to maintain the aforesaid premises in a reasonably safe manner so as to avoid injuries to persons lawfully on the premises, including Plaintiff, ROSE ENGELMAN.

20.     On and before July 31, 2019, Defendant, MENARD, INC., by and through its employees and/or agents, committed one or more of the following negligent acts or omissions:

      a. Carelessly and negligently failed to inspect the Menards store premises so as to detect defects that could cause the Plaintiff to trip and fall, including the uneven metal grates at the Menards store entry;

      b. Failed to maintain the premises so as to prevent defects which could cause the Plaintiff to trip and fall at the Menards store entry;

      c. Failed to detect the uneven metal grates at the Menards store entry;

      d. Failed to place cones, caution tape or other warnings in the area of the uneven metal grates at the Menards store entry;

    e. Failed to warn Plaintiff of the presence of the uneven metal grates at the Menards store entry; and/or

    f. Permitted the uneven metal grates to exist in an area where it was known customers would walk while entering the Menards store during business hours when patrons were present.

20. On July 31, 2019, as a direct and proximate result of one or more of the above negligent acts and/or omissions of Defendant, MENARD, INC. by and through its duly authorized employees and/or agents, including but not limited to TERRY HOGAN and currently unknown other employees and/or agents, the uneven metal grates in the entry area of the Menards store presented an unreasonable risk of harm to persons lawfully on the premises, including Plaintiff, ROSE ENGELMAN.

21. As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendant, MENARD, INC., Plaintiff, ROSE ENGELMAN, was caused to trip and fall and sustain injuries of a personal, permanent and pecuniary nature.

WHEREFORE, Plaintiff, ROSE ENGELMAN, prays that judgment be entered in her favor and against Defendant, MENARD, INC., for an amount in excess of the minimum jurisdictional limits of this court and for the cost of this suit.

### Count III
### Premises Liability – MENARD, INC.

Plaintiff, ROSE ENGELMAN, by and through her attorneys, SCHWEICKERT, GANASSIN, KRZAK, RUNDIO, LLP, complaining of Defendant, MENARD, INC., alleges as follows:

1. On and before July 31, 2019, and at all times relevant hereto, MENARD, INC. owned, operated, managed, maintained and/or controlled a store commonly known as The

Menards located at 5353 Mahoney Dr., Peru, Illinois, LaSalle County, IL. (Hereinafter "Menards Store").

2.      At all times relevant hereto, Defendant, MENARD, INC., was a foreign corporation, licensed to do business in the State of Illinois.

3.      At all times relevant hereto, Defendant, MENARD, INC., conducted business in the City of Peru, County of LaSalle, State of Illinois.

4.      On and before July 31, 2019, Defendant, MENARD, INC, by and through its manager, TERRY HOGAN, and other currently unknown other duly authorized employees, agents and/or apparent agents, owned, operated, maintained, inspected and/or controlled the aforementioned premises known as the Menards store.

5.      On and before July 31, 2019, Defendant, TERRY HOGAN, was an employee and/or agent of Defendant, MENARD, INC., specifically, he was the manager of the aforementioned Menards store.

6.      At all times relevant hereto, Defendant, TERRY HOGAN, was acting in the course of said employment, agency and/or apparent agency.

7.      At all times relevant hereto, Defendant, TERRY HOGAN, was a resident and citizen of the State of Illinois.

8.      At all times relevant hereto, Plaintiff, ROSE ENGELMAN, was a citizen and resident of the State of Illinois.

9.      At all times relevant hereto, said Menards store was a retail store that invited patrons to the premises for the purpose of purchasing merchandise located therein.

9

10.     On and before July 31, 2019, there existed certain metal grates on the entryway floor in the Menards store that patrons had to step on and walk across to enter the Menards store.

11.     On and before July 31, 2019, the aforementioned metal grates that were on the entryway floor were in a dangerous condition because the metal grates were uneven and presented a tripping hazard.

12.     On July 31, 2019, Plaintiff, ROSE ENGELMAN, was a business invitee of the aforementioned Menards Store.

13.     On or before July 31, 2019, Defendant MENARD, INC., by and through its employees and/or agents, including but not limited to TERRY HOGAN and currently unknown other employees and/or agents, permitted the metal grates that were on the entryway floor to be uneven, where customers were known to walk in order to gain entry to the Menards store.

14.     On July 31, 2019, Plaintiff, ROSE ENGELMAN, was caused to trip and fall after she encountered the uneven metal grates on the entryway floor in the Menards store.

15.     On and before July 31, 2019, Defendant, MENARD INC., by and through its employees and/or agents, including but not limited to TERRY HOGAN and currently unknown other employees and/or agents, knew, or in the exercise of reasonable care should have known that uneven metal grates in an area where customers were known to walk while entering the Menards store presented a tripping hazard.

16.     On and before July 31, 2019, Defendant, MENARD, INC., by and through its employees and/or agents, including but not limited to TERRY HOGAN and currently unknown other employees and/or agents, knew or in the exercise of reasonable care should

have known that the uneven metal grates in an area where customers were known to walk while entering the Menards store created an unsafe condition.

17.    On and before July 31, 2019, Defendant, MENARD, INC., by and through its employees and/or agents, including but not limited to TERRY HOGAN and currently unknown other employees and/or agents, knew or in the exercise of reasonable care should have known that the area in which the uneven metal grates existed was an area that business invitees, including the Plaintiff, ROSE ENGELMAN, would encounter and walk across while shopping at the Menards store.

18.    On and before July 31, 2019, Defendant, MENARD, INC., by and through its employees and/or agents, including but not limited to TERRY HOGAN and currently unknown other employees and/or agents, could reasonably expect that business invitees at the aforesaid premises would not discover or realize the uneven metal grates that existed at entryway to the Menards store.

19.    On and before July 31, 2019, it was the duty of Defendant, MENARD, INC., by and through its employees and or agents, including TERRY HOGAN and currently unknown other employees and/or agents to maintain the aforesaid premises in a reasonably safe manner so as to avoid injuries to persons lawfully on the premises, including Plaintiff, ROSE ENGELMAN.

20.    On and before July 31, 2019, and for some time prior thereto, there was in full force and effect in the State of Illinois, a certain Act commonly referred to as the Premises Liability Act, establishing the duty of an owner to entrants on the property, which stated in pertinent part:

11

The duty owed to such entrants is that of reasonable care under the circumstances regarding the state of the premises or acts done or committed on them.

740 ILCS 130/2.

21.     At all times relevant hereto, Defendant, MENARD, INC., by and through its employees and or agents, including TERRY HOGAN and currently unknown other employees and/or agents had a duty to exercise reasonable care under the circumstances regarding the state of the premises or the Menards store or acts done or committed on the premises of the Menards store.

22.     On and before July 31, 2019, Defendant, MENARD, INC., by and through its employees and/or agents, was negligent and committed one or more of the following violations of the Premises Liability Act:

    a.  Carelessly and negligently failed to inspect the Menards store premises so as to detect defects that could cause the Plaintiff to trip and fall, including the uneven metal grates at the Menards store entry;

    b.  Failed to maintain the premises so as to prevent defects which could cause the Plaintiff to trip and fall at the Menards store entry;

    c.  Failed to detect the uneven metal grates at the Menards store entry;

    d.  Failed to place cones, caution tape or other warnings in the area of the uneven metal grates at the Menards store entry;

    e.  Failed to warn Plaintiff of the presence of the uneven metal grates at the Menards store entry; and/or

    f.  Permitted the uneven metal grates to exist in an area where it was known customers would walk while entering the Menards store during business hours when patrons were present.

23.     On July 31, 2019, as a direct and proximate result of one or more of the above negligent acts and/or omissions of Defendant, MENARD, INC. by and through its duly

authorized employees and/or agents, including but not limited to TERRY HOGAN and currently unknown other employees and/or agents, the uneven metal grates in the entry area of the Menards store presented an unreasonable risk of harm to persons lawfully on the premises, including Plaintiff, ROSE ENGELMAN.

24.     As a direct and proximate result of Defendant, MENARD, INC.'s violation of the Premises Liability Act, Plaintiff, ROSE ENGELMAN, was caused to trip and fall and sustain injuries of a personal, permanent and pecuniary nature.

WHEREFORE, Plaintiff, ROSE ENGELMAN, prays that judgment be entered in her favor and against Defendant, MENARD, INC., for an amount in excess of the minimal jurisdictional limits of this court and for the cost of this suit.

_Adriane LaShure_
Schweickert, Ganassin, Krzak, Rundio, LLP
By: Adriane LaShure
One of the Attorneys for Plaintiff

Adriane LaShure (ARDC NUBER 6206397)
Schweickert, Ganassin, Krzak, Rundio, LLP
2101 Marquette Rd.
Peru, IL 61345
Telephone: 815.223.0177
Facsimile: 815.223.8449
ail@ganassin.com

13