UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROSE ENGELMAN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 21 CV 4017 |
| | ) | |
| v. | ) | Judge Jorge L. Alonso |
| | ) | |
| TERRY HOGAN and MENARDS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## Memorandum Opinion and Order

Plaintiff Rose Engelman alleges that she tripped and fell at a Menards store on July 31, 2019. Although complete diversity does not exist between the Plaintiff and all Defendants, Defendants removed this case to federal court anyway, arguing that Engelman fraudulently joined Terry Hogan, the store's general manager. Engelman moves to remand her case back to state court. For the reasons below, the Court denies Engelman's motion to remand [14].

## Background

The Court takes the following facts from Engelman's Complaint. On July 31, 2019, Engelman went to the Menards store located at 5353 Mahoney Drive in Peru, Illinois. Menards, Inc. owns this store.[1] As Engelman entered the store, she slipped and fell walking across uneven

---

[1] The Court takes this single fact from Hogan's affidavit attached to his response brief. [19-3]. In determining the propriety of removal, the Court may consider summary-judgment type evidence such as affidavits. *See Peters v. AMR Corp.*, Case Nos. 95 C 588, 95 C 678, 95 C, 923, 95 C 922, 95 C 1417, and 95 C 1418, 1995 WL 358843, at *3 (N.D. Ill. June 13, 1995) (quoting *Carriere v. Sears Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990)). Although the Court accepts Hogan's uncontradicted assertion that he was on vacation on the date of this incident, the Court will not consider additional assertions that go to the merits of Engelman's claim. In any event, the Court's analysis would effectively remain the same even if Hogan had been working on the date of the incident.

metal grates located at the store's entryway. Terry Hogan was the general manager of this store. He was not, however, present on the premises on July 31, 2019 because he was on vacation.

Engelman sues Menards under a premises liability theory and sues Hogan for negligence. Specifically, with respect to Hogan, Engelman alleges that he committed the following negligent acts: (a) failing to inspect the Menards store premises so as to detect defects that could cause the Plaintiff to trip and fall, including the uneven metal grates at the Menards store entry; (b) failing to maintain the premises so as to prevent defects which could cause the Plaintiff to trip and fall at the Menards store entry; (c) failing to detect the uneven metal grates at the Menards store entry; (d) failing to place cones, caution tape or other warnings in the area of the uneven metal grates at the Menards store entry; (e) failing to warn Plaintiff of the presence of the uneven metal grates at the Menards store entry; and/or (f) permitting the uneven metal grates to exist in an area where it was known customers would walk while entering the Menards store during business hours when patrons were present.

Engelman filed her complaint in the Circuit Court of Cook County. Defendants removed the case to federal court based on diversity jurisdiction. Although Engelman and Hogan are both citizens of Illinois—and therefore complete diversity does not exist—Defendants argue that removal is proper because Engelman fraudulently joined Hogan to destroy complete diversity, and therefore the Court should not consider his citizenship for jurisdictional purposes. Engelman filed a motion to remand this case to state court.

## Discussion

For a case to be within a federal court's diversity jurisdiction, diversity of citizenship must be complete—meaning that no plaintiff may be a citizen of the same state as any defendant. *McCready v. eBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006) (quoting *Hoosier Energy Rural Elec.*

*Coop. v. Amoco Tax Leasing IV Corp.*, 34 F.3d 1310, 1314–15 (7th Cir. 1994)). "The party seeking removal has the burden of establishing federal jurisdiction, and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009) (citation omitted). Though "[a] plaintiff typically may choose its own forum, [] it may not join a nondiverse defendant simply to destroy diversity jurisdiction." *Id.* at 763 (citations omitted). In other words, courts may disregard parties fraudulently joined. *Id.*; *see also Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993) ("In determining whether there is diversity of citizenship, parties fraudulently joined are disregarded").

Fraudulent joinder is a legal term of art requiring a removing defendant to show that "after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant.'" *Morris v. Nuzzo*, 718 F.3d 660, 666 (7th Cir. 2013) (emphasis in original) (quoting *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992)). When conducting this analysis, the court considers whether the plaintiff has any reasonable possibility of success under state law, regardless of the plaintiff's motives. *Schur*, 577 F.3d at 764; *see also Poulos*, 959 F.2d at 73 ("[T]he federal court must engage in an act of prediction: is there any reasonable possibility that a state court would rule against the non-diverse defendant?"). In this case, the parties agree that Illinois law governs Engelman's claims. As such, the Court must answer whether a "reasonable possibility" exists that an Illinois court would find in her favor on the negligence claim against Hogan.

Although "a principal is vicariously liable for the torts of its agent when the agent is acting within the scope of her employment", "an agent who breaches a duty owed solely to her principal is not independently liable to an injured third party." *Schur*, 577 F.3d at 764. In other

3

words, "[t]he law of agency does not impute a duty that the principal owes to a third party onto an agent." *Hoidas v. Wal-Mart Stores, Inc.*, No. 09 C 7409, 2010 WL 1790864, at *2 (N.D. Ill. Apr. 30, 2010) (citing *Bovan v. American Family Life Ins. Co.*, 386 Ill. App. 3d 933, 897 N.E.2d 288, 295 (2008)). "Instead, the duty of care flows from the relationship between the parties." *Id.* (citing *Bovan*, 897 N.E.2d at 294).

Under these principles, Hogan would not be personally liable for any tort he may have performed while working within the scope of his employment. *Id.* But this does not affect his independent tort liability. *Schur*, 577 F.3d at 765. "Thus, a claim with a reasonable possibility to succeed must at least suggest an independent duty that the defendant owes to the plaintiff." *Hoidas*, 2010 WL 1790864 at *2. The question, therefore, becomes whether Hogan owed Engelman an independent duty.

"Whether a duty exists is a question of law." *Schur*, 577 F.3d at 766 (citing *Widlowski v. Durkee Foods, Div. of SCM Corp.*, 562 N.E.2d 967, 968 (Ill. 1990)). "It is well settled that every person owes a duty of ordinary care to all others to guard against injuries which naturally flow as a reasonably probable and foreseeable consequence of an act, and such a duty does not depend upon contract, privity of interest or the proximity of relationship, but extends to remote and unknown persons." *Id.* (citing *Widlowski*, 562 N.E.2d at 968). "To determine whether an individual owed a duty to another, a court considers whether the risk of harm was reasonably foreseeable." *Id.* (citing *Widlowski*, 562 N.E.2d at 968).

Here, the Court concludes that Engelman's negligence theory against Hogan fails. Engelman alleges that Hogan failed to maintain the store to be free from defects and failed to identify or detect any defects. But Hogan does not own the store—it belongs to Menards. An employee such as Hogan is liable only to the extent he is an active tortfeasor. *See Snyder v. Wal-*

4

*Mart Stores, Inc.*, Case No. 18-cv-583, 2018 WL 1586246, at *6 (N.D. Ill. April 2, 2018) ("A manager may be liable where she is an '[active tortfeasor,' meaning she caused the incident or actively contributed to the act which caused the incident.") (citing *Brady v. Menard, Inc.*, No. 16 C 7509, 2017 WL 201375, at *2 (N.D. Ill. Jan. 18, 2017)).

To illustrate this difference, consider the cases of *Brady v. Menard, Inc.*, Case No. 16-cv-7509, 2017 WL 201375 (N.D. Ill. January 18, 2017) and *Roh v. Starbucks Corp.*, Case No. 13-cv-8865, 2015 WL 232374 (N.D. Ill. January 14, 2015)— cases cited by the parties among others. In *Brady*, the Court held that the fraudulent joinder doctrine did not apply. 2017 WL 201375, at *2. In that case, the plaintiff sued Menards, the store manager, and an unknown employee after she was injured when a display of 4x4 wood posts fell on her. *Id.* at 1. The court interpreted the allegations to allege that the store manager may have improperly stacked the wood display. *Id.* at 2. This was sufficient to hold that the manager may have actively contributed to the plaintiff's injuries. *Id.* at *2-3.

In contrast, the *Roh* court found that fraudulent joinder applied. 2015 WL 232374, at *1-2 There, the plaintiff sued Starbucks for an injury to her minor son sustained at one of its stores. *Id.* at *1. The plaintiff sought to add as defendants the store's assistant manager and another employee. *Id.* The court held that the claim against the assistant manager fell short because the allegations that the assistant manager was responsible for overseeing the safety, maintenance, and operations of the area where the accident occurred did not make them an active tortfeasor. *Id.*

The difference between *Brady* and *Roh* is that the defendant in *Brady* performed some act that led or contributed to the dangerous condition, whereas the *Roh* defendant did not. Like *Roh*, Engelman doesn't allege that Hogan did anything to contribute to the uneven metal grates.

5

Rather, she seeks to impose, in effect, a premises liability standard against him even though he does not own the store and was not present at the store on the date of the incident. But even putting those facts aside, Hogan did not perform any act that contributed to the entryway grate's condition.

Engelman attempts to distinguish this case from those where courts applied fraudulent joinder based on his allegations that Hogan took no action with respect to the uneven grate condition on and before the incident. The Court is not persuaded. Even this allegation attributes liability based on Hogan's status as the highest-ranking individual at the store and not based on his independent actions. But once again, Menards owns the store, not Hogan. And even if Hogan owed a duty to his employer to inspect the entryway grates' condition, that duty cannot be imputed to Engelman, a third-party. *Roh*, 2015 WL 232374, at *1.

In short, Hogan did not owe Engelman an independent duty to identify and detect potentially dangerous conditions on the store's property. *See Simpkins v. CSX Transp., Inc.*, 2012 IL 110662, 965 N.E.2d 1092, 1097 (Ill. 2012) ("Generally, individuals (and businesses) do not owe an affirmative duty to protect or rescue a stranger"). Rather, any duty owed extended from the foreseeable risk of injury based on Hogan's own actions. *Id.* Indeed, the Illinois Supreme Court recognizes four distinct relationships giving rise to an affirmative duty: "common carrier and passenger, innkeeper and guest, custodian and ward, and possessor of land who holds it open to the public and member of the public who enters in response to the possessor's invitation." *Id.* (citing *Marshall v. Burger King*, 222 Ill. 2d 422, 438 (Ill. 2006)). Though Menards falls into this last category, Hogan clearly doesn't fall into any.

In the end, Hogan owed Engelman only that duty of ordinary care owed to all others to guard against injuries that naturally flow as a reasonably probable and foreseeable consequence

6

of his actions. The complaint, however, doesn't allege that Hogan undertook any act that made the grates a dangerous condition. Accordingly, the Court finds that Defendants have met their high burden and shown that there is no reasonable possibility that an Illinois court would rule against Hogan on Engelman's negligence claim.

## Conclusion

For the reasons above, the Court denies Engelman's motion to remand [14]. Furthermore, for those same reasons, the Court grants Defendant Terry Hogan's motion to dismiss [9]. The Court dismisses the claims against Terry Hogan. Defendant Menards, Inc.'s answer to the complaint is due on or before February 4, 2022. Status hearing set for February 14, 2022 at 9:30 a.m. The parties are directed to file a joint initial status report in accordance with the Court's standing order three days prior to the hearing.

**SO ORDERED.**  ENTERED: **January 18, 2022**

_____
**HON. JORGE ALONSO**
**United States District Judge**